UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20726-CR-UNGARO

**UNITED STATES OF AMERICA,**

v.

**CARMELINA BARZAGA-VALLADARES,** *et. al.*,

      **Defendants.**
_____/

<u>ORDER APPOINTING NEUROPSYCHOLOGIST TO DETERMINE
COMPETENCY OF DEFENDANT CARMELINA VALLADARES</u>

      This Cause came before the Court upon the Order of Reference (D.E. No. 195) from the Honorable Ursula Ungaro Benages to Determine the Competency of Defendant Carmelina Valladares.

      Upon receiving the Order of Reference, the Court conducted telephonic hearings with the parties on June 16, 2008; June 23, 2008; and June 30, 3008.  The parties have jointly recommended that Ms. Valladares should undergo a third psychological evaluation pursuant to 18 U.S.C. § 4241.  This joint recommendation is based, in part, on the recent observations of Ms. Valladares' Probation Officer, Irma Botana, and upon concerns that Ms. Valladares may have decompensated since her last psychological evaluation.  The parties have also provided the Court with a list of psychologists who they believe are qualified to conduct such an examination.

      The Court has considered the parties' positions on this matter, and has thoroughly reviewed the psychological reports previously submitted by Dr. Lazaro Garcia, Dr. Michelle Quiroga, and Mental Health Consultant Prince Drago.  Based upon the foregoing considerations, it is hereby

**ORDERED and ADJUDGED** that:

1. Defendant Carmelina Barzaga Valladares shall undergo a psychological examination pursuant to 18 U.S.C. § 4241(a) to determine if she is competent to proceed in this matter. The Court finds that such an examination is warranted because "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering [her] mentally incompetent to the extent [she] is unable to understand the nature and consequences of the proceedings . . . or to assist properly in [her] defense." *See* 18 U.S.C. § 4241(a).

2. The psychological examination shall be conducted by Dr. Enrique Suarez, a neuropsychologist jointly recommended by the parties. The cost for this evaluation is to be borne by the Department of Justice. *See Guide to Judicial Policy & Procedure, vol. VII, chap. III, Part B, § 3.11(B) & Summary Chart* (Administrative Office of the United States Courts). Dr. Suarez shall prepare a psychological report, and file it with the Court, as required by 18 U.S.C. § 4241(b). The report shall conform to the requirements of 18 U.S.C. § 4247(c), which requires that the report include:

> (1) the person's history and present symptoms;
> (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
> (3) the examiner's findings; and
> (4) the examiner's opinions as to diagnosis, prognosis, and–
>     (A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

A copy of the Report shall be furnished to counsel for the government and counsel for the Defendant. Once the report is received, the Defendant shall file a copy of the report with the Court under Seal.

3. As discussed during the June 30, 2008 telephonic hearing, defense counsel

shall provide Dr. Suarez with a copy of the Criminal Complaint, Indictment, and the previous psychological reports issued by Dr. Lazaro Garcia, Dr. Michelle Quiroga, and Mental Health Consultant Prince Drago.  The Court believes that such documents will facilitate Dr. Suarez's psychological examination, and the preparation of his report.  In addition, Dr. Suarez shall be advised of the existence of audio and video recordings made at the time of the alleged offense; however, these recordings shall not be provided to Dr. Suarez unless he requests them on the basis that they will assist him in the determination of the Defendant's competency to stand trial.

      4.  Counsel for the Government shall provide Dr. Suarez with a copy of the above-referenced statutes (18 U.S.C. §§ 4241, 4247) to facilitate the completion of his psychological evaluation and report.

      5.  A competency hearing is set for Friday, July 25, 2008, at 10:00 a.m., before the undersigned Magistrate Judge, in Courtroom XI, 300 N.E. 1st Ave., Miami, Florida 33132.

If any party has a conflict regarding the date or time of the hearing, that party shall coordinate with the other parties to find proposed alternative available dates.  This can be accomplished via a conference call to the chambers of the undersigned Magistrate Judge.  If the parties cannot agree, the party seeking to change the date shall file a motion with the Court.

      **DONE and ORDERED** in Chambers in Miami, Florida this 3rd day of July 2008.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies to:**
    The Honorable Ursula Ungaro, United States District Judge
    All counsel of record via CM/ECF